Bolton v. Bolton.

---

JESSIE E. BOLTON, APPELLEE, V. HENRY BOLTON, APPELLANT.

FILED SEPTEMBER 26, 1913. No. 17,313.

Divorce: EXTREME CRUELTY: EVIDENCE.  Evidence examined, and referred to in the opinion, *held* sufficient to entitle plaintiff to a divorce on the ground of extreme cruelty.

APPEAL from the district court for Colfax county: CONRAD HOLLENBECK, JUDGE.  *Affirmed as to defendant's cross-petition, and reversed as to plaintiff's petition, and remanded, with directions.*

*C. J. Phelps* and *George W. Wertz,* for appellant.

*W. M. Cain* and *M. F. Harrington, contra.*

FAWCETT, J.

This suit was instituted by plaintiff in the district court for Colfax county, for a divorce on the ground of extreme cruelty. Defendant answered, denying all of the acts of cruelty, and alleging adultery on the part of plaintiff, and prayed for a divorce on that ground. Plaintiff then filed an amended petition, alleging the same matters set out in her original petition, and adding other and more serious acts of cruelty. After an extended trial, in which a large amount of testimony was taken, the district court found that neither the acts of cruelty charged in the petition nor the charge of adultery set out in defendant's answer and cross-petition had been sustained by sufficient evidence, and dismissed both the petition and cross-petition. Defendant appeals, and plaintiff prosecutes a cross-appeal.

It would serve no good purpose to set out the testimony offered on both sides of this unfortunate case. We have examined the evidence with great care, and have reached the conclusion that the findings and judgment of the court in favor of plaintiff as to defendant's cross-petition should be affirmed, but that the charge of cruelty contained in the fifth paragraph of plaintiff's amended petition is sufficiently sustained to entitle her to a divorce. We are the more ready to so hold because we think that in this case the legitimate ends and object of matrimony have been utterly destroyed, and that these two people can never again live together as husband and wife.

The amended petition alleges that defendant is the owner of a quarter section of land in Colfax county of the value of $16,000, a stock of merchandise in the city of Schuyler of the value of $15,000, a stock of merchandise in the village of Dodge of the value of $5,000, a quarter section of land in Perkins county of the value of $7,000, and bank stock of the value of $2.000—total $45,000. The defendant in his answer admits the ownership and value of the stock of merchandise in the city of Schuyler, but

alleges that he is indebted therefor in the sum of $5,000; admits the ownership and value of the Colfax county land, but alleges that it is encumbered in the sum of $8,000; admits the ownership of the Perkins county land, but denies that it is worth $7,000, and alleges that its value is but the sum of $3,200; admits the ownership of the bank stock, but denies that it is of the value of $2,000, and alleges that it is of the value of only $1,000, and is encumbered in the sum of $500; and further alleges a general indebtedness, in addition to the items above enumerated, of $5,000. No proof was offered by either party as to the value of the property or as to any indebtedness thereon.

Counsel for plaintiff insist that in this state of the record no deductions can be made for indebtedness; that defendant having alleged an indebtedness, but having given no evidence in support of his allegation, "this court must find conclusively that he is not in debt." We are inclined to agree with counsel for plaintiff in this contention, but it is unnecessary to determine the point, for the reason that the allowance of alimony is a question resting largely in the sound discretion of the court awarding the same, and the court is not absolutely bound by the exact figures showing the amount of the husband's property. The parties to this suit had only been married about eight years. So far as the evidence shows, defendant had accumulated substantially all of his property before he married plaintiff. She is not, therefore, entitled to the same allowance out of his estate as she would be if they had started life together and had jointly accumulated the property. Considering all of the allegations pro and con as to the value of the property, and all of the facts and circumstances shown in evidence, and considering the ages of the parties, we think an allowance of $6,000 as permanent alimony would do substantial justice between the parties.

The judgment of the district court is therefore affirmed as to defendant's cross-petition, and reversed as to plain-

tiff's petition, and the cause is remanded to the district court, with directions to enter a decree granting plaintiff a divorce on the ground of extreme cruelty, and awarding her the sum of $6,000 as permanent alimony; defendant to pay all costs.

JUDGMENT ACCORDINGLY.

ROSE, SEDGWICK and HAMER, JJ., not sitting.